UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JUNE L. GOLDBERG, Individually and on behalf of all other similarly situated current and former employees,

                 Plaintiffs,

    -against-

SOVEREIGN BANCORP, INC, SOVEREIGN BANK, BANCO SANTANDER, S.A. and SANTANDER HOLDINGS USA, INC.,

                 Defendants.

---------------------------------------------------------------X

Civil Action No.
1:10-cv-06263-DAB-FM
ECF Case

Honorable Deborah A. Batts

**ORAL ARGUMENT REQUESTED**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SOVEREIGN BANK'S MOTION TO DISMISS THE COMPLAINT <u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>

MORGAN, LEWIS & BOCKIUS LLP
Sam Shaulson (ss0460)
101 Park Avenue
New York, New York 10178
Telephone:  (212) 309-6718
Facsimile:   (212) 309-6001
sshaulson@morganlewis.com

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTUAL BACKGROUND ....................................................................... 2

III. STANDARD FOR DISMISSAL ....................................................................................... 3

IV. ARGUMENT ..................................................................................................................... 4

    A. The Court Must Evaluate Sovereign's Motion In Light Of The Strong Federal Policy Favoring Arbitration. ........................................................................ 4

    B. The Court Lacks Subject Matter Jurisdiction Because A Binding Arbitration Agreement Covers Plaintiff's Claims. ............................................... 5

        1. Plaintiff and Sovereign Entered Into A Valid, Binding Arbitration Agreement. ........................................................................................................ 6

        2. Plaintiff's Claims Squarely Fall Within The Scope Of Her Valid, Binding Arbitration Agreement. ...................................................................... 7

        3. There Is No Congressional Bar To The Arbitration Of Plaintiff's Statutory Claims. .............................................................................................. 7

        4. Because All Of Plaintiff's Claims Are Subject To Arbitration, The Court Should Dismiss The Complaint. ............................................................ 8

V. CONCLUSION .................................................................................................................. 9

## **TABLE OF AUTHORITIES**

                                     **Page**

*Aurecchione v. Schoolman Transport System, Inc.*,
426 F.3d 635 (2d Cir. 2005)..................................................................................................3

*Cap Gemini Ernst & Young, U.S. v. Nackel*,
346 F.3d 360 (S.D.N.Y. 2003).................................................................................................6

*Carter v. Countrywide Credit Industrial, Inc.*,
189 F. Supp. 2d 606 (N.D. Tex. 2002) ...................................................................................8

*Ciago v. Ameriquest Mort. Co.*,
295 F. Supp. 2d 324 (S.D.N.Y. 2003).....................................................................................7

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985)................................................................................................................4

*Frisone v. Pepsico Inc.*,
369 F. Supp. 2d 464 (S.D.N.Y. 2005).....................................................................................3

*Genesco, Inc. v. T. Kakiuchi & Co.*,
815 F.2d 840 (2d Cir. 1987).............................................................................................5, 6, 7

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991)...............................................................................................................7, 8

*Giordano v. Pep Boys-Manny, Moe & Jack, Inc.*,
No. 99-1281, 2001 WL 484360 (E.D. Pa. Mar. 29, 2001) ......................................................8

*Hartford Accident & Indemnity Co. v. Swiss Reinsurance America Corp.*,
246 F.3d 219 (2d Cir. 2001)....................................................................................................4

*Horenstein v. Mortg. Mkt., Inc.*,
 9 F. App'x 618 (9th Cir. 2001) ...............................................................................................8

*Kuehner v. Dickinson & Co.*,
84 F.3d 316 (9th Cir. 1996) .....................................................................................................8

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)....................................................................................................3

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
514 U.S. 52 (1995)...................................................................................................................4

# TABLE OF AUTHORITIES
(continued)

Page

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985)..................................................................................................4, 5

*Oldroyd v. Elmira Savings Bank FSB*,
134 F.3d 72 (2d Cir. 1998).............................................................................................5

*Ragone v. Atlantic Video*,
595 F.3d 115 (2d Cir. 2010)...........................................................................................8

*Reynolds v. de Silva*,
No. 09-9218, 2010 WL 743510 (S.D.N.Y. Feb. 24, 2010).............................................8

*Rio Algom Inc. v. Sammi Steel Co.*,
562 N.Y.S.2d 486 (1st Dep't 1990)................................................................................5

*Rompalli v. Portnova*,
No. 09-3083, 2010 WL 2034396 (S.D.N.Y. May 5, 2010) ............................................8

*Sinnett v. Friendly Ice Cream Corp.*,
319 F. Supp. 2d 439 (S.D.N.Y. 2004).......................................................................3, 5

*Steele v. L.F. Rothchild & Co.*,
701 F. Supp. 407 (S.D.N.Y. 1988).................................................................................8

## STATUTES

9 U.S.C. §§ 1 *et seq*....................................................................................................4

9 U.S.C. § 2............................................................................................................4, 6

9 U.S.C. § 4...............................................................................................................4

## RULES

Federal Rule of Civil Procedure 12(b)(1) ....................................................................1

## MISCELLANEOUS

N.Y. C.V.P. § 7503(a)..................................................................................................5

**I.     INTRODUCTION**

Defendant Sovereign Bank ("Sovereign"), by and through its undersigned attorneys, hereby submits this memorandum of law in support of its motion to dismiss Plaintiff Judith Goldberg's Complaint, filed on August 20, 2010 ("Complaint"), for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  As demonstrated herein, Plaintiff entered into a mandatory, binding agreement with Sovereign to arbitrate the claims she raises in this suit.

In her Complaint, Plaintiff – who worked for Sovereign as a mortgage development officer for only eight months – claims that Sovereign improperly classified her (and other allegedly similarly situated mortgage development officers) as exempt, and thus, failed to pay her minimum wage and overtime compensation for all hours worked in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

At the start of her employment with Sovereign, and in exchange for significant monetary benefits, including a $12,000 sign-on bonus, Plaintiff signed a Mortgage Development Officer Agreement that provides for arbitration of all claims arising out of her employment with Sovereign, including claims relating to any federal or state employment law statute.  Despite knowingly and voluntarily consenting to this binding arbitration provision, Plaintiff is now pursuing her wage and hour claims in federal district court in direct breach of her agreement.  Accordingly, Sovereign requests that the Court dismiss the Complaint for lack of subject matter jurisdiction because:  (1) Plaintiff and Sovereign entered into a binding arbitration agreement; (2) Plaintiff's claims fall within the scope of the agreement; (3) Plaintiff's statutory claims are arbitrable; and (4) Plaintiff does not assert any claims that are not covered by the agreement.

Regardless of whether Plaintiff's underlying claims in this action have any merit, this Court is not the correct forum for adjudication of Plaintiff's disputes.  Put simply, Plaintiff

1

agreed to arbitrate her claims and, as a result, the Federal Arbitration Act mandates that she do so. Accordingly, because the Court lacks subject matter jurisdiction over the instant dispute, it should be dismissed.

## II.   RELEVANT FACTUAL BACKGROUND[1]

Plaintiff worked for Sovereign as a mortgage development officer ("MDO") in various locations in New York and New Jersey from approximately July 2007 to March 2008. (Compl. ¶ 10). At the inception of her employment, and in exchange for significant monetary benefits, including a $12,000 sign-on bonus, Plaintiff entered into a written Mortgage Development Officer Agreement ("Agreement") which included, *inter alia*, a binding arbitration agreement. The Agreement shows an express intention to cover all employment disputes between Sovereign and the MDO, including statutory claims under the FLSA and NYLL. Specifically, the Agreement provides:

> **Any controversy or claim arising out of the MDO's employment** or the termination thereof shall be resolved through final and binding arbitration in accordance with the National Rules for the Resolution of Employment Disputes or other applicable rules of the American Arbitration Association then in effect. Such **controversies and claims include**, but are not limited to, those arising under this Agreement **and those arising under any federal, state, or local statute relating to employment** and any tort, contract or common law claim. This provision is not intended to limit the Bank's customary rights of management, but only to provide the exclusive means by which disputes between the parties, as described herein, are to be resolved.

(*See, e.g.*, Mortgage Development Officer Agreement between Sovereign Bank and June Goldberg (hereinafter "Agreement"), Declaration of Courtney A. Wirth, at ¶ 2, Exhibit A (emphasis added)).

---

[1]   Sovereign assumes the truth of the allegations contained in Plaintiff's Complaint for purposes of this Motion only.

2

In this lawsuit, Plaintiff claims that Sovereign improperly classified her as exempt, and failed to properly pay her minimum wage and overtime compensation under the FLSA and NYLL.  (Compl. ¶¶ 5, 7-8, 30-50).   Plaintiff's claims revolve entirely around conduct arising out of her employment with Sovereign.

## III.   STANDARD FOR DISMISSAL

Sovereign seeks dismissal of the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)").  Under Rule 12(b)(1), even a "facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *See Frisone v. Pepsico Inc.*, 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (granting defendants' motion to dismiss for lack of subject matter jurisdiction even though complaint was sufficiently pled on jurisdictional grounds).  When resolving a motion to dismiss for lack subject matter jurisdiction, a district court is not confined to the complaint and may refer to evidence outside the pleadings, such as affidavits. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).  Further, Plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  Where, as here, an enforceable arbitration agreement covers the claims asserted in a lawsuit, the court lacks subject matter jurisdiction over the dispute, and the Complaint should be dismissed. *See, e.g.*, *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 445 (S.D.N.Y. 2004) (dismissing complaint upon finding that court lacked jurisdiction under Rule 12(b)(1) because all claims were subject to resolution through arbitration).

## IV.   ARGUMENT

### A.   The Court Must Evaluate Sovereign's Motion In Light Of The Strong Federal Policy Favoring Arbitration.

In enacting the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), Congress demonstrated a strong federal policy favoring the arbitration of disputes.  Indeed, the FAA broadly provides that:  "A written provision . . . to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Moreover, Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.

The Supreme Court has further instructed that a court is bound by arbitration agreements because "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see also Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) ("[T]here is a strong federal policy favoring arbitration as an alternative means of dispute resolution").  Accordingly, the FAA, and the strong federal policy favoring arbitration that it embodies, requires courts to "rigorously enforce agreements to arbitrate," *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985), and any ambiguities as to the scope of an arbitration agreement are to be resolved in favor of arbitration.  *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62

(1995). Courts should therefore "construe arbitration clauses as broadly as possible." *Oldroyd v. Elmira Savings Bank FSB*, 134 F.3d 72, 76 (2d Cir. 1998).[2]

The exacting application and broad construction of arbitration agreements dictate that, "[i]f the allegations underlying the claims 'touch matters' covered by the parties' [arbitration agreement], then those claims must be arbitrated, whatever the legal labels attached to them." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987) (*citing Mitsubishi Motors Corp.*, 473 U.S. at 624, n.13). Thus, a broad arbitration clause – such as that in the Agreement at issue here – "creates a presumption of arbitrability which is only overcome if it may be said *with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute*." *Oldroyd*, 134 F.3d at 76 (emphasis in original). If a litigant in a court proceeding refuses to arbitrate a dispute within the scope of a valid arbitration agreement, a judicial order compelling arbitration is mandatory – not discretionary. *See* 9 U.S.C. § 4.

Under these liberal standards, the claims Plaintiff pursues in this action are clearly covered by her arbitration agreement, and must be dismissed.

### B. The Court Lacks Subject Matter Jurisdiction Because A Binding Arbitration Agreement Covers Plaintiff's Claims.

Where, as here, an enforceable arbitration agreement covers the claims asserted in a lawsuit, the court lacks subject matter jurisdiction over the dispute. *See, e.g.*, *Sinnett*, 319 F. Supp. 2d at 445 (finding court lacked jurisdiction under Rule 12(b)(1) where all claims were subject to resolution through arbitration). The Second Circuit has further instructed that a court considering the applicability of an arbitration agreement to a proceeding must consider: (1)

---

[2]    Similarly, under New York law, "[w]here there is no substantial question whether a valid agreement was made . . . the court shall direct the parties to arbitrate." N.Y. C.V.P. § 7503(a); *see also Rio Algom Inc. v. Sammi Steel Co.*, 562 N.Y.S.2d 486, 488 (1st Dep't 1990) ("The policy of this state is to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources.").

5

whether the parties agreed to arbitrate; (2) whether the parties' claims fall within the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be non-arbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration. *Genesco*, 815 F.2d at 844; *see also Cap Gemini Ernst & Young, U.S. v. Nackel*, 346 F.3d 360, 365 (S.D.N.Y. 2003) (noting that a court must determine whether the parties entered into a valid arbitration agreement and whether the parties' dispute falls with the scope of that agreement prior to compelling arbitration).  Each of these inquiries inevitably leads to the conclusion that the Court should compel Plaintiff's claims to arbitration and dismiss the action in its entirety.

        **1.**       **Plaintiff and Sovereign Entered Into A Valid, Binding Arbitration Agreement.**

It is clear that Plaintiff signed a valid agreement to arbitrate her claims.  In this regard, the parties entered into a mandatory, binding agreement to arbitrate all claims "arising out of" Plaintiff's employment with Sovereign.  *See* Agreement § 5.05, Wirth Decl., Exhibit A; *see also* 9 U.S.C. § 2 (providing that an agreement to arbitrate "shall be valid, irrevocable and enforceable).  Moreover, there was consideration for the agreement consisting of significant monetary benefits, including a $12,000 sign-on bonus.  *See* Exhibit A to Agreement, Wirth Decl., Exhibit A.  Further, courts have consistently held that arbitration agreements between employers and employees are valid.  *See, e.g.*, *Cap Gemini Ernst & Young U.S., LLC v. Arentowicz*, No. 04-0299, 2004 WL 1386145, at *7 (S.D.N.Y. June 22, 2004) (finding arbitration clause in employment agreement was valid) *Sinnett*, 319 F. Supp. 2d at 444 (same).  In sum, it is beyond dispute that, as to the first factor, Plaintiff entered into a valid, irrevocable, and enforceable agreement to arbitrate all of her claims.

6

### 2. Plaintiff's Claims Squarely Fall Within The Scope Of Her Valid, Binding Arbitration Agreement.

In this lawsuit, Plaintiff claims that Sovereign improperly classified her as exempt, and failed to pay her minimum wage and overtime compensation properly under the FLSA and NYLL.  (Compl. ¶¶ 5, 7-8, 30-50).  These claims squarely fall within the scope of "any controversy or claim arising out of the MDO's employment . . . includ[ing] . . . those arising under any federal, state, or local statute relating to employment."  *See* Agreement ¶ 5.05, Wirth Decl., Exhibit A.  The broad language of the Agreement, including its reference to federal and state statutory claims, expressly demonstrates the parties' intention to cover all employment disputes between Sovereign and Plaintiff.  *See, e.g.*, *Ciago v. Ameriquest Mort. Co.*, 295 F. Supp. 2d 324, 331 (S.D.N.Y. 2003) (finding agreement to arbitrate all claims arising out of plaintiff's employment was broad enough to encompass federal and state wage claims); *see also Genesco*, 815 F.2d at 846 ("If the allegations underlying the claims 'touch matters' covered by the parties' [arbitration agreement], then those claims must be arbitrated, whatever the legal labels attached to them.") (citation omitted).  Accordingly, the second factor – whether the claims fall within the scope of the arbitration agreement – is satisfied.

### 3. There Is No Congressional Bar To The Arbitration Of Plaintiff's Statutory Claims.

Courts within the Second Circuit, and beyond, routinely require plaintiffs to arbitrate both federal and New York statutory wage and hour claims where they have signed valid arbitration agreements covering those claims.  For example, in *Ciago*, the Southern District of New York compelled an FLSA and state overtime action to arbitration, concluding that Congress had not evinced any intention to preclude arbitration of wage and hour claims.  *Ciago*, 295 F. Supp. 2d at 332.  Specifically, the court noted that "because of the similar remedial purpose and enforcement mechanisms shared by the ADEA and FLSA," the Supreme Court's reasoning in *Gilmer v.*

*Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991), dictated that claims under the FLSA may be subject to compulsory arbitration. *Id*. The court reached the same conclusion with respect to plaintiff's New York statutory wage claim. *Id.* at 334.

Many other courts have similarly found that the legislative history of the FLSA and/or the NYLL does not preclude arbitration of wage claims. *See Rompalli v. Portnova*, No. 09-3083, 2010 WL 2034396, at *6 (S.D.N.Y. May 5, 2010) (finding that Congress did not intend for FLSA claims to be nonarbitrable); *Reynolds v. de Silva*, No. 09-9218, 2010 WL 743510, at *5 (S.D.N.Y. Feb. 24, 2010) (holding that wage claims under the FLSA and NYLL are arbitrable); *Steele v. L.F. Rothchild & Co.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (same).[3] Thus, as to the third factor, there is no congressional bar to the arbitration of Plaintiff's claims.

### 4.      Because All Of Plaintiff's Claims Are Subject To Arbitration, The Court Should Dismiss The Complaint.

The fourth prong of the *Genesco* analysis is not applicable here because all of Plaintiff's claims are covered by the arbitration agreement. Courts have held that dismissal, rather than a stay pending arbitration, is appropriate where all of the issues raised in the Complaint must be submitted to arbitration. *See, e.g.*, *Ragone v. Atlantic Video*, 595 F.3d 115 (2d Cir. 2010) (affirming dismissal of complaint where employment claims under state and federal law were subject to arbitration agreement). Because Plaintiff's claims under the FLSA and NYLL are covered by the Agreement, the Court should dismiss this action in its entirety.

---

[3]      *See also Horenstein v. Mortg. Mkt., Inc.*, 9 F. App'x 618 (9th Cir. 2001) (compelling arbitration of FLSA claims); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th Cir. 1996) (holding that FLSA claims may be subject to arbitration); *Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 621 (N.D. Tex. 2002) (same); *Giordano v. Pep Boys-Manny, Moe & Jack, Inc.*, No. 99-1281, 2001 WL 484360, at *4 (E.D. Pa. Mar. 29, 2001) (concluding that "agreements to arbitrate FLSA claims are enforceable pursuant to the FAA").

8

## V. CONCLUSION

Ignoring her commitment to pursue her claims in arbitration, Plaintiff instead chose to file this lawsuit. As demonstrated above, however, the issues raised in Plaintiff's Complaint – wage claims under the FLSA and NYLL – must be submitted to arbitration. Plaintiff and Sovereign entered into a valid agreement to arbitrate, Plaintiff's claims squarely fall within the scope of that agreement, and there is no congressional intent to the contrary. In sum, there is a valid, binding arbitration agreement covering Plaintiff's claims, and thus, the court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

Dated: New York, New York  
      October 22, 2010

MORGAN, LEWIS & BOCKIUS LLP

By: s/ Sam S. Shaulson  
Sam S. Shaulson  
101 Park Avenue  
New York, New York 10178  
Tel: 212-309-6718  
Fax: 212-309-6001  
sshaulson@morganlewis.com

Attorneys for Defendant Sovereign Bank