UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUNE L. GOLDBERG,

                Plaintiff,

      -against-

SOVEREIGN BANCORP, INC, SOVEREIGN
BANK, BANCO SANTANDER, S.A. and
SANTANDER HOLDINGS USA, INC.,

                Defendants.

-------------------------------------------------------------X

Civil Action No.
1:10-cv-06263-DAB-FM
ECF Case

Honorable Deborah A. Batts

**<u>REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT SOVEREIGN BANK'S MOTION TO DISMISS THE
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

                MORGAN, LEWIS & BOCKIUS LLP
                Sam S. Shaulson (ss0460)
                101 Park Avenue
                New York, New York 10178
                Telephone:  (212) 309-6718
                Facsimile:   (212) 309-6001
                sshaulson@morganlewis.com

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A. The Court Lacks Subject Matter Jurisdiction Because A Binding Arbitration Agreement Covers Plaintiff's Claims ......................................................................2

    B. *Stolt-Nielson* Mandates Individualized Arbitration Of Plaintiff's Claims. ..................3

    C. Plaintiff Grossly Misrepresents the Standard for Equitable Tolling. ..........................8

III. CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

Page

*Adkins v. Labor Ready, Inc.*,
303 F.3d 496 (4th Cir. 2002) .................................................................................................. 6

*Amendola v. Bristol-Myers Squibb Co.*,
558 F. Supp. 2d 459 (S.D.N.Y. 2008) ..................................................................................... 9

*American Pipe & Construction Co. v. Utah*,
414 U.S. 538 (1974) ................................................................................................................ 8

*Bonilla v. Las Vegas Cigar Co.*,
61 F. Supp. 2d 1129 (D. Nev. 1991) ....................................................................................... 9

*Caley v. Gulfstream Aerospace Corp.*,
428 F.3d 1359 (11th Cir. 2005) .............................................................................................. 6

*Carter v. Countrywide Credit Industrial, Inc.*,
362 F.3d 294 (5th Cir. 2004) .................................................................................................. 6

*Ciago v. Ameriquest Mort. Co.*,
295 F. Supp. 2d 324 (S.D.N.Y. 2003) ................................................................................. 2, 4

*Desiderio v. National Associate of Sec. Dealers, Inc.*,
2 F. Supp. 2d 516 (S.D.N.Y. 1998) ........................................................................................ 8

*Dunmire v. Hoffman*,
No. 05-4852, 2006 WL 2466248 (S.D.N.Y. Aug. 24, 2006) .................................................. 7

*Fallick v. Nationwide Mutual Insurance Co.*,
162 F.3d 410 (6th Cir. 1998) .................................................................................................. 7

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20, 31 (1991)) .......................................................................................................... 4

*Hintergerber v. Catholic Health System*,
No. 08-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) ................................................. 9

*Hoffman v. Sbarro, Inc.*,
982 F. Supp. 249 (S.D.N.Y. 1997) ......................................................................................... 9

*Horenstein v. Mortgage Mkt., Inc.*,
9 F. App'x. 618 (9th Cir. 2001) .............................................................................................. 6

## TABLE OF AUTHORITIES
(continued)

Page

*Jacobsen v. Stop & Shop Supermarket Co.*,
No. 02-5915, 2004 WL 1918795 (S.D.N.Y. Aug. 27, 2004) .......................................................... 9

*Jock v. Sterling Jewelers, Inc.*,
No. 08-2875, 2010 WL 2898294 (S.D.N.Y. July 26, 2010) .......................................................... 5

*Johnson v. Nyack Hospital*,
86 F.3d 8 (2d Cir. 1996) ................................................................................................................ 9

*Lee v. ABC Carpet & Home*,
236 F.R.D. 193 (S.D.N.Y. 2006) .................................................................................................. 9

*Martens v. Smith Barney, Inc.*,
181 F.R.D. 243 (S.D.N.Y. 1998) .................................................................................................. 8

*Mensch and Alta Colleges, Inc.*,
AAA Case No. 11-516-00995-09 (July 16, 2010) ................................................................... 5, 7

*Nicholson v. CPC Int'l Inc.*,
877 F.2d 221, 241 (3d Cir. 1989) ................................................................................................. 4

*Noble v. Serco*,
No. 3:08-76, 2009 WL 3254143 (E.D. Ky. Oct. 7, 2009) ............................................................. 9

*In re Pfizer Inc. Erisa Litigation*,
No. 04-10071, 2009 WL 749545 (S.D.N.Y. Mar. 20, 2009) ........................................................ 7

*Pomposi v. GameStop, Inc.*,
No. 09-340, 2010 WL 147196 (D. Conn. Jan. 11, 2010) ............................................................. 6

*Scher v. Equitable Life Assurance Society*,
866 F. Supp. 776 (S.D.N.Y. 1994) ............................................................................................... 7

*Simel v. JP Morgan Chase*,
No. 05-9750, 2007 WL 809689 (S.D.N.Y. Mar. 19, 2007) .......................................................... 7

*Sinnett v. Friendly Ice Cream Corp.*,
319 F. Supp. 2d 439 (S.D.N.Y. 2004) ...................................................................................... 3, 8

*Smith v. McGinnis*,
208 F.3d 13 (2d Cir. 2000) ........................................................................................................... 9

## TABLE OF AUTHORITIES
(continued)

**Page**

*South v. Saab Cars USA, Inc.*,
  28 F.3d 9 (2d Cir. 1994) ................................................................................................ 10

*Stolt-Nielson SA v. AnimalFeeds International Corp.*,
  435 F. Supp. 2d 382 (S.D.N.Y. 2006) .............................................................................. 5

*Stolt-Nielson SA v. AnimalFeeds International Corp.*,
  130 S. Ct. 1758 (2010) .............................................................................................. 3, 4, 6

*Stolt-Nielson SA v. AnimalFeeds International Corp.*,
  No. 06-3474, 2010 WL 3896523 (2d Cir. Oct. 5, 2010) .................................................. 5

*Zerilli-Edelglass v. New York City Transit Auth.*,
  333 F.3d 74 (2d Cir. 2003) ..................................................................................... 8, 9, 10

**I.     INTRODUCTION**

In its opening brief, Sovereign Bank ("Sovereign") established that under the FAA and controlling Supreme Court and Second Circuit authority, a court must enforce an arbitration agreement if "the parties agreed to arbitrate" and "the parties' claims fall within the scope of that agreement." Sov. Op. Br. at 6. Sovereign also established that Plaintiff June Goldberg ("Plaintiff") entered into a valid Mortgage Development Officer ("MDO") Agreement ("Agreement") that included, *inter alia*, a binding arbitration agreement that covered all employment disputes between Sovereign and Plaintiff, including the statutory claims Plaintiff asserts in this action under the FLSA and the NYLL. *Id.* at 6-7.

In her opposition brief, Plaintiff agrees with Sovereign in all material respects. She concedes, for example, that:

- The Supreme Court's controlling authority of *Stolt-Nielsen* requires courts to "enforce an arbitration agreement 'in accordance with the terms of the [parties' written] agreement'" (Pl's Br. at 4);

- Plaintiff and Sovereign entered into a valid arbitration agreement (Pl's Br. at 2); and

- "Goldberg and Sovereign agreed to arbitrate [her] individual claims" and the "terms of the arbitration clause purportedly obligate Goldberg and Sovereign to arbitrate individual claims arising out of Goldberg's employment" (Pl's Br. at 6, 10).[1]

Despite Plaintiff's agreement on these material points, Plaintiff nevertheless attempts to avoid her contractual obligation to arbitrate her claims by citing *Stolt-Nielson* and contending that her class and collective action claims are not covered by the agreement she signed. As demonstrated below, *Stolt-Nielson* does not support her argument, but rather, directly refutes it.

The Court in *Stolt-Nielson* refused to require class arbitration where the parties' arbitration agreement was silent on the issue, but the Court certainly did not allow the parties to sidestep their

---

[1] Plaintiff makes no argument that the Agreement she signed is unconscionable, nor could she. MDOs at Sovereign have the opportunity to earn hundreds of thousands of dollars annually. The arbitration agreement signed by Plaintiff is common in the financial services industry where disputes over compensation are routinely resolved through arbitration.

1

arbitration agreement. To the contrary, the Court held that arbitration agreements must be enforced according to their terms, and the parties were obligated to arbitrate their disputes on an individual rather than class basis – *as they had agreed*. Plaintiff seeks to turn *Stolt-Nielson* on its head by arguing that she can avoid the arbitration agreement she concedes she signed and covers the claims she asserts in this action simply because she seeks to litigate her claims on behalf of others as well as herself.

Aside from completely misreading *Stolt-Nielson*, Plaintiff confuses what are her claims subject to arbitration – her claims under the FLSA and the NYLL – with what are procedural devices – the class and collective action procedures. Having admittedly agreed to arbitrate her claims for overtime under the FLSA and the NYLL, Plaintiff is required to arbitrate those claims and she simply has no standing to bring class and collective action claims on behalf of others before this Court.

As for her request for equitable tolling asserted in her untimely opposition to Sovereign's motion to enforce her arbitration agreement, as explained below, Plaintiff attempts to dupe this Court into granting equitable tolling by misquoting the controlling Second Circuit standard for doing so. Applying the correct standard, it is clear that Plaintiff has not even come close to establishing the "rare" and "extraordinary circumstances" necessary for granting such relief.

## II. ARGUMENT

### A. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE A BINDING ARBITRATION AGREEMENT COVERS PLAINTIFF'S CLAIMS.

Plaintiff admits that she entered into a valid agreement to arbitrate all claims "arising out of" her employment with Sovereign. Pl's Br. at 2, 10. She also does not dispute that claims under the FLSA and the NYLL squarely fall within the scope of that agreement. Pl's Br. at 6, 10; *see also Ciago v. Ameriquest Mort. Co.*, 295 F. Supp. 2d 324, 331 (S.D.N.Y. 2003) (finding agreement to arbitrate all claims arising out of plaintiff's employment was broad enough to encompass federal

and state wage claims).  Nor does Plaintiff contest the fact that there is no congressional bar to the arbitration of FLSA or NYLL claims.  Indeed, Plaintiff goes to great lengths to explain the purpose of the Federal Arbitration Act ("FAA") and its broad jurisdictional scope.  As Plaintiff admits, the FAA was designed to "overcome an anachronistic judicial hostility to agreements to arbitrate" and "federal policy" is to "favor arbitration as a method of alternative dispute resolution."  Pl's Br. at 4.  Given these undisputed principles, as well as the importance of arbitration as a vehicle to promote the efficient resolution of disputes, there should be no question that this Court lacks subject matter jurisdiction to hear Plaintiff's claims.  *See, e.g.*, *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 445 (S.D.N.Y. 2004) (dismissing complaint upon finding that court lacked jurisdiction under Rule 12(b)(1) because all claims were subject to resolution through arbitration).

Rather than contest the obvious – that she entered into a valid arbitration agreement and the agreement covers her FLSA and NYLL claims – Plaintiff attempts to sidestep her contractual obligations by claiming that *Stolt-Nielson* does not require her to arbitrate her claims because she has pled them on a class and collective action basis.  But *Stolt-Nielson* mandates the exact opposite result – arbitration of her claims on an individual basis.

### B. *STOLT-NIELSON* MANDATES INDIVIDUALIZED ARBITRATION OF PLAINTIFF'S CLAIMS.

Both parties agree that the United States Supreme Court decision in *Stolt-Nielson SA v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758 (2010), is the controlling authority that must be followed in this matter.  In *Stolt-Nielson*, the Supreme Court considered whether arbitrating on a class-wide basis could be inferred where the arbitration agreement was silent on the issue. Recognizing that "courts and arbitrators must 'give effect to the contractual rights and expectations of the parties'" the Court concluded that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so."  *Id.* at 1774-75.  Because class-action arbitration "changes the nature of arbitration to such a degree," the

Court explained that an "implicit agreement to authorize class-action arbitration" was not a term "that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate." *Id.* at 1775. Thus, the Court held that class arbitration is not permissible where an arbitration agreement is silent on the issue. *Id.* at 1776.

*Stolt-Nielson*, however, does not stand for the proposition that where claims are pled on a class basis, the underlying substantive claims fall outside the scope of the arbitration agreement and need not be arbitrated. To the contrary, *Stolt-Nielson* directs that where an agreement is silent on the availability of class arbitration, the parties are required to arbitrate their claims on an individual rather than class basis – *as they had agreed*. *Id.* at 1775-76. Indeed, the Court in *Stolt-Nielson* goes to great lengths to laud the benefits of individual, bilateral arbitration. The Court states, "[i]n bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." *Id.* at 1775 (*citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991)).[2] *See also Ciago*, 295 F. Supp. 2d at 329 (finding the "mere fact that an agreement to arbitrate was required as a condition of employment, or continued employment" in putative FLSA collective action was "insufficient to invalidate the provision"). The Supreme Court's opinion in no way suggests that a party can nullify its contractual obligations to arbitrate by requesting appointment as a class representative. Rather, the Supreme Court enforced a contractual agreement to arbitrate pursuant to its clear written terms – precisely the result that is called for here.

---

[2]  The Supreme Court in *Gilmer* found nothing fundamentally unfair with an arbitration moving forward on an individual rather than class basis. As the Court stated, "even if the arbitration could not go forward as a class action or class relief could not be granted by the arbitrator, the fact that the [ADEA] provides for the possibility of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred." 500 U.S. at 32 (*quoting Nicholson v. CPC Int'l Inc.*, 877 F.2d 221, 241 (3d Cir. 1989)).

If Plaintiff's argument were correct, then the Supreme Court's decision would reflect that the case was remanded for litigation on a class-wide basis in the district court. That, of course, did not happen. After the Supreme Court remanded the proceedings, the Second Circuit affirmed the previous ruling made by the district court in 2006. *Stolt-Nielson SA v. AnimalFeeds Int'l Corp.*, No. 06-3474, 2010 WL 3896523 (2d Cir. Oct. 5, 2010). That district court opinion determined that the terms of the arbitration agreement precluded class arbitration, and remanded the case back to the arbitration panel for proceedings consistent with its terms (*i.e.*, individualized arbitration). *Stolt-Nielson SA v. AnimalFeeds Int'l Corp.*, 435 F. Supp. 2d 382, 387 (S.D.N.Y. 2006).

Decisions after *Stolt-Nielson* further confirm that pleading claims on a class and collective action basis do not allow the litigant to avoid arbitration of the underlying substantive claims. For example, in *Jock v. Sterling Jewelers, Inc.*, No. 08-2875, 2010 WL 2898294 (S.D.N.Y. July 26, 2010), the Southern District of New York, applying *Stolt-Nielson*, considered whether an arbitration agreement in an employment dispute permitted class action arbitration. The agreement at issue did not expressly prohibit or permit class action arbitration, but did have provisions, such as a requirement for local venue and the application of local law, which defendants claimed were incompatible with class arbitrations. *Id.* at *1. In an indicative ruling, the Southern District of New York, bound by the controlling authority of *Stolt-Nielsen*, reconsidered its prior decision and held that it would vacate the arbitrator's award permitting class arbitration (*i.e.*, it would require individualized arbitration). *Id.* at *7.

The Arbitrator in *Mensch and Alta Colleges, Inc.*, AAA Case No. 11-516-00995-09 (July 16, 2010), reached the same result. In a well-reasoned opinion, the Arbitrator concluded that, based on *Stolt-Nielson*, the agreement at issue was silent as to class arbitration and, thus, the parties had to honor that agreement and could only proceed in arbitration on an individualized basis. *Id.* at 26-33. Neither the court in *Jock* nor the arbitrator in *Mensch and Alta Colleges, Inc.* permitted the plaintiffs' claims, pled on a class-wide basis, to proceed in court, as Plaintiff suggests in her

5

opposition.

While *Stolt-Nielson*, *Jock*, and *Mensch and Alta Colleges, Inc.* all stand for the proposition that a party must arbitrate his or her claims on a individual basis where the arbitration agreement is silent on the question of class arbitration, Plaintiff cites not a single case supporting her position that she can circumvent her arbitration agreement altogether by the simple expedient of pleading her claims on a class basis.  There is good reason for this – because *Stolt-Nielson* directs parties to arbitrate according to their written agreement even if the agreement does not permit class arbitration.  130 S. Ct. at 1775-76.  Indeed, for this Court to accept Plaintiff's argument would mean that she did not have to arbitrate her claims even though she concedes that she entered into a valid arbitration agreement and the agreement covers her claims.  Such a result would be directly contrary to the FAA and to *Stolt-Nielson*.

Stated another way, Plaintiff's asserted "class and collective action claims" – which Plaintiff argues are not within the scope of her arbitration agreement (Pl. Br. at 6) – are not "claims" at all.  A class action and a collective action are procedural devices for joining other persons; they do not bestow new claims upon those who seek to represent those persons.  *See Horenstein v. Mortgage Mkt., Inc.*, 9 F. App'x. 618, 619 (9th Cir. 2001) ("Although plaintiffs who sign arbitration agreements lack the procedural right to proceed as a class, they nonetheless retain all substantive rights under the statute.").[3]  Claims are substantive causes of action, such as Plaintiff's claims under the FLSA and the NYLL.  As the Arbitrator in *Mensch and Alta Colleges, Inc.* aptly stated, "I find

---

[3] *See, e.g.*, *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (finding "no suggestion in the text, legislative history, or purpose of the FLSA that Congress intended to confer a nonwaivable right to a class action under that statute"); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) (holding that waiver of right to proceed collectively does not deprive plaintiffs of substantive rights under the FLSA); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) ("[T]he fact that certain litigation devices may not be available in an arbitration is part and parcel of arbitration's ability to offer 'simplicity, informality, and expedition.'"); *Pomposi v. GameStop, Inc.*, No. 09-340, 2010 WL 147196, at *11 (D. Conn. Jan. 11, 2010) ("[T]he right to bring a collective action under the FLSA is a right that can be waived.").

that 'any dispute' most naturally describes the type of dispute (e.g., contract, tort, statutory violation) and not the procedural mechanism (i.e. class action) for having the dispute resolved." AAA Case No. 11-516-00995-09, at 32.

Because there is no dispute that Plaintiff agreed to arbitrate her claims under the FLSA and the NYLL (Pl's Br. at 6), those claims must be arbitrated under the FAA and the controlling authority of *Stolt-Nielson*. To be sure, having agreed to arbitrate her individual claims, Plaintiff has no standing to assert class or collective action claims on behalf of others (who also may have agreed to arbitrate) before this Court. *See, e.g.*, *Simel v. JP Morgan Chase*, No. 05-9750, 2007 WL 809689, at *5 (S.D.N.Y. Mar. 19, 2007) (holding that where plaintiff did not properly have a claim pending before the district court, plaintiff lacked standing and could not "rest his claim to relief on the legal rights or interests of third parties"); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) ("A potential class representative must demonstrate individual standing vis-as-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action."); *In re Pfizer Inc. Erisa Litigation*, No. 04-10071, 2009 WL 749545, at *5 (S.D.N.Y. Mar. 20, 2009) (dismissing ERISA class action to the extent that representative plaintiffs lacked standing to pursue such claims). As a result, this Court should follow the FAA and *Stolt-Nielson* and enforce the Agreement pursuant to its express terms.[4]

---

[4] This Court has routinely enforced individual arbitration agreements pursuant to their terms. *See, e.g.*, *Dunmire v. Hoffman*, No. 05-4852, 2006 WL 2466248, at *4-5 (S.D.N.Y. Aug. 24, 2006) (Batts, J) (compelling arbitration of employee's negligent misrepresentation suit brought against his employer where employee signed individual employment agreement providing for arbitration of "all controversies" between the parties); *Scher v. Equitable Life Assurance Society*, 866 F. Supp. 776, 778 (S.D.N.Y. 1994) (Batts, J) (granting motion to compel arbitration of employee's discrimination suit where employee signed agreement requiring arbitration of "any dispute, claim or controversy" between the parties). The valid arbitration agreements at issue in these cases would not have been rendered a nullity simply by changing the procedural vehicle for adjudication in those cases to a class action. So too here, Plaintiff cannot nullify her contractual obligations by calling herself a class representative.

### C. PLAINTIFF GROSSLY MISREPRESENTS THE STANDARD FOR EQUITABLE TOLLING.

Plaintiff uses her untimely opposition to Sovereign's motion to enforce her arbitration agreement as an opportunity to seek equitable tolling of the FLSA statute of limitations for other MDOs.[5] Plaintiff's request for tolling is baseless for four reasons.

First, the Court cannot grant Plaintiff equitable tolling because this Court does not have jurisdiction over Plaintiff's claims for all the reasons set forth above and set forth in Sovereign's opening brief.  *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 251 (S.D.N.Y. 1998) ("A valid, applicable compulsory arbitration provision would eliminate subject matter jurisdiction, barring plaintiffs' suit from any non-arbitral forum."); *Desiderio v. Nat'l Assoc. of Sec. Dealers, Inc.*, 2 F. Supp. 2d 516, 520-21 (S.D.N.Y. 1998) (finding no subject matter jurisdiction where arbitration agreement was valid and applicable to plaintiff's claim); *Sinnett*, 319 F. Supp. 2d at 445 (finding the court lacks jurisdiction under 12(b)(1) all of plaintiff's claims are subject to resolution through arbitration, rather than litigation).

Second, and most significantly, the extraordinary remedy of equitable tolling is not appropriate here.  In her brief, Plaintiff grossly misrepresents the Second Circuit's controlling standard for granting equitable tolling.  Plaintiff would have this Court believe that the standard is the following: "[E]quitable tolling is […] appropriate in […] circumstances in which a party is prevented in some […] way from exercising his rights."  Pl's Br. at 12 (purporting to quote from *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)).  But Plaintiff misleadingly deleted the most important words of the Court of Appeals' holding.  The quote actually reads that:  "equitable tolling is ***only*** appropriate in [ ] ***rare*** ***and*** ***exceptional*** circumstances in which a party is prevented in some ***extraordinary*** way from exercising his rights." *Zerilli-*

---

[5]   To the extent Plaintiff could pursue her claim under the NYLL before this Court on a class-wide basis, which she cannot for all the reasons above, the statute of limitations would be tolled as a matter of law.  *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553 (1974).

8

*Edelglass*, 333 F.3d at 80 (*citing Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) and *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (internal quotations omitted)).

Applying the correct legal standard, Plaintiff has not even come close to meeting it. Ordinary litigation delays do not provide grounds for tolling. As the Court has explained:

> To grant the exceptional remedy of equitable tolling any time an FLSA defendant declines to . . . toll claims would, in effect, require that the statute of limitations for FLSA claims be tolled as a matter of course for all potential plaintiffs whenever the first plaintiff files her complaint—a result plainly contrary to the procedural rules that govern FLSA collective actions.

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 480 (S.D.N.Y. 2008) (denying plaintiff's request for equitable tolling). *See also Hintergerber v. Catholic Health Sys.*, No. 08-380S, 2009 WL 3464134 at *15, (W.D.N.Y. Oct. 21, 2009) (denying plaintiff's motion for equitable tolling of FLSA and NYLL claims because time spent on motion practice "is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes"); *Noble v. Serco*, No. 3:08-76, 2009 WL 3254143, at *4 (E.D. Ky. Oct. 7, 2009) (denying tolling in putative FLSA collection action); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1140 (D. Nev. 1991) (refusing to equitably toll the statute of limitations absent "extraordinary circumstances" and evidence of wrongdoing by the employer). Moreover, "[c]lassifying a job as exempt from the FLSA's overtime pay requirements is not 'extraordinary' conduct." *Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-5915, 2004 WL 1918795, at *3 (S.D.N.Y. Aug. 27, 2004).[6] Here, Plaintiff has shown no "rare" and "exceptional" circumstances that prevented her in some "extraordinary" way from exercising her rights. Sovereign's current

---

[6] The cases cited by Plaintiff in her brief, *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006), and *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997), are inapposite. *Lee* involved a court-imposed stay based on the court's postponement of class action motions until it issued an opinion on defendants' motion for summary judgment on the merits. *Lee*, 236 F.R.D. at 199-200. In *Hoffman*, the defendants stipulated to the tolling of the statute of limitations pending the resolution of defendant's motion for judgment on the pleadings. *Hoffmann*, 982 F. Supp. at 260 n.14. Here, neither of these circumstances exist.

motion merely seeks to require Plaintiff to arbitrate her claims when she admittedly entered into an arbitration agreement covering the claims at issue.

Finally, when determining whether to impose the extraordinary remedy of tolling, a court must consider if the party seeking tolling acted "with reasonable diligence." *Zerilli-Edelglass,* 333 F.3d at 80-81. Plaintiff has failed to make such a showing as well. In fact, Plaintiff herself has caused all of the delay by waiting nearly 2 ½ years after the end of her employment with Sovereign before even commencing this action and, then, initiating her claims in the wrong forum – federal court – despite her agreement to arbitrate. Moreover, she did not even disclose to the Court in her Complaint that she was bound by an arbitration agreement. Rather, she forced Sovereign to raise the issue through motion practice. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (holding equitable tolling is not appropriate where plaintiff fails to act diligently). She also further delayed these proceedings by filing her opposition brief four days late without court order, explanation, or excuse.

In sum, Sovereign's legitimate right to enforce an arbitration agreement that Plaintiff admits she signed and admits covers her FLSA and NYLL claims hardly creates ***rare and exceptional*** circumstances which prevented her in some ***extraordinary*** way from exercising her rights.

### III. CONCLUSION

The claims asserted by Plaintiff in her Complaint – claims for overtime under the FLSA and the NYLL – must be submitted to arbitration. Plaintiff does not dispute that she and Sovereign entered into a valid agreement to arbitrate claims arising out of her employment, that her claims squarely fall within the scope of that agreement, or that there is congressional intent to the contrary. Without jurisdiction over her individual claims, this Court certainly cannot have jurisdiction to adjudicate her claims as a class representative. Because there is a valid, binding arbitration agreement covering Plaintiff's substantive claims, the Court should dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction.

Dated: New York, New York
      November 22, 2010

MORGAN, LEWIS & BOCKIUS LLP

By:   s/ Sam S. Shaulson
      Sam S. Shaulson (SS-0460)
      101 Park Avenue
      New York, New York 10178
      Tel: 212-309-6718
      Fax: 212-309-6001
      sshaulson@morganlewis.com

Attorneys for Defendant Sovereign Bank

11