```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
JUNE L. GOLDBERG,

                              Plaintiff,

                                              10 Civ. 6263 (DAB)
                                                    ORDER

          -against-

SOVEREIGN BANCORP, INC., SOVEREIGN
BANK, BANCO SANTANDER, S.A. and
SANTANDER HOLDINGS, USA, INC.,

                         Defendants.
---------------------------------------------x
DEBORAH A. BATTS, United States District Judge.


     Now before the Court is a Motion to Dismiss brought by

Defendants Sovereign Bancorp, Inc., Sovereign Bank, Banco

Santander, S.A., and Santander Holdings, USA, Inc. Defendants

move the Court to dismiss this action for lack of subject-matter

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure because, they contend, Plaintiff is barred by an

arbitration agreement from proceeding in federal court.

     For the reasons below, Defendants' Motion is GRANTED and

this action is dismissed.


I. BACKGROUND

     When considering a motion to dismiss pursuant to Rule

12(b)(1), the Court accepts as true the facts alleged in the

complaint and draws all reasonable inferences in favor of the

plaintiff. See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). However, the Court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." State Employees Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 n. 4 (2d Cir. 2007).

Plaintiff worked for Defendants as a mortgage development officer ("MDO") at various locations in New York and New Jersey from approximately July 2007 to March 2008. (Compl. ¶ 10). On July 9, 2007, Plaintiff signed a written Mortgage Development Officer Agreement (the "MDO Agreement"), which described and defined the terms of her employment with Defendants and which included an arbitration clause. (See Wirth Decl. Ex. A, Sovereign Bank Mortgage Development Officer Agreement dated July 9, 2007). The crux of the dispute now before the Court is whether the arbitration clause in the MDO Agreement divests the Court of subject matter jurisdiction over Plaintiff's claims, such that dismissal in favor of arbitration is required.

As an MDO, Plaintiff regularly worked in excess of forty hours per week. (Compl. ¶ 10). Plaintiff alleges that Defendants improperly classified her as exempt and failed to pay minimum wage and appropriate overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and applicable New York State Labor Laws (the "NYLL"). (Compl. ¶¶ 5-8, 30-50). Plaintiff brings this class and

collective action for unpaid minimum wage and overtime compensation, individually and on behalf of all other similarly situated current and former mortgage development officers. (Compl. ¶ 6).

Defendants now move this Court to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that all of Plaintiff's claims are within the scope of the arbitration clause contained in the MDO Agreement.

II. DISCUSSION

A.   Legal Standard

Under Rule 12(b)(1), even a "facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." Frisone v. Pepsico Inc., 369 F.Supp.2d 464, 469 (S.D.N.Y. 2005). The party invoking the Court's jurisdiction bears the burden of proving, by a preponderance of the evidence, that federal subject matter jurisdiction over the controversy exists. Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003) When resolving a motion to dismiss for lack of subject matter jurisdiction, this Court is not confined to the complaint and may refer to evidence outside the pleadings, such as declarations. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

3

When an enforceable arbitration agreement covers the claims
asserted in a lawsuit, the court lacks subject-matter
jurisdiction over the dispute, and the complaint should be
dismissed. See Sinnett v. Friendly Ice Cream Corp., 319
F.Supp.2d 439, 445 (S.D.N.Y. 2004) (dismissing complaint upon
finding that court lacked subject matter jurisdiction because
all claims were subject to resolution through arbitration).
"The question of whether parties have submitted a particular
dispute to arbitration, i.e., the question of arbitrability, is
an issue for judicial determination unless the parties clearly
and unmistakably provide otherwise." Howsam v. Dean Witter
Reynolds, Inc., 537 U.S. 79, 83 (2002) (emphasis in original)
(citing AT&T Technologies, Inc. v. Communications Workers, 475
U.S. 643, 649 (1986).

When a court is called on to determine whether a dispute is
subject to arbitration, a summary judgment standard is
appropriate no matter how the motion is formally styled.
Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003).
Accordingly, dismissal is appropriate when the pleadings,
discovery, materials on file, and any affidavits show that there
is no genuine issue as to any material fact concerning the
existence and scope of an agreement to arbitrate. Fed. R. Civ.
P. 56(c); Sutherland v. Ernst & Young LLP, No. 10-3332, 2011 WL
838900, at *2 (S.D.N.Y. Mar. 2, 2011).  "A party resisting

4

arbitration . . . must show that, if proven, [its] allegations
would relieve any obligation to arbitrate and [it] must produce
some evidence to substantiate [its] factual allegations."
Sutherland, 2011 WL 838900, at *2 (alterations in original)
(quoting Town of Amherst v. Custom Lighting Servs., LLC, No. 07
Civ. 261, 2007 WL 4264608, at *4 (W.D.N.Y. Nov. 30, 2007)).

The Second Circuit has enumerated four factors to be
considered when deciding whether a dispute is subject to
arbitration: (1) whether the parties agreed to arbitrate; (2)
whether the dispute falls within the scope of the agreement to
arbitrate; (3) if federal statutory claims are asserted, whether
Congress intended the statutory claims to be nonarbitrable; and
(4) whether the Court should stay the balance of the proceeding
pending arbitration, if not all claims are arbitrable. Oldroyd
v. Elmira Savings Bank FSB, 134 F.3d 72, 76 (2d Cir. 1998)
(citation omitted); accord, Chen-Oster v. Goldman, Sachs & Co.,
No. 10 Civ. 6950, 2011 WL 1795297, at *4, (S.D.N.Y Apr. 28,
2011) (citation omitted).

Here, it is undisputed that Parties entered into the MDO
Agreement containing the arbitration clause at issue.
Accordingly, the Court turns to the remaining three factors to
determine whether Plaintiff's claims are subject to resolution
through arbitration and whether dismissal is appropriate.

B.    The Scope of the Arbitration Agreement

The Federal Arbitration Act ("FAA") manifests a liberal federal policy favoring arbitration agreements. Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 223 (2d Cir. 2001) (citing Moses H. Cone Memorial Hosp. v. Mercury Const. Corp, 460 U.S.1, 24-25 (1983). In accordance with that policy, courts are to "construe arbitration clauses as broadly as possible, resolving any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." Oldroyd, 134 F.3d at 76 (citation and quotation omitted).

In determining whether a particular dispute falls within the scope of an arbitration agreement, courts in the Second Circuit must first classify the arbitration agreement either as broad or as narrow. Louis Dreyfus Negoce S.A., 252 F.3d at 224; Ace Capital Re Overseas Ltd. v. Central Life Ins. Co., 307 F.3d 24, 30-34 (2d Cir. 2002). Specifically, the Court must determine "whether, on the one hand, the language of the clause, taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause, or if, on the other hand, arbitration was designed to play a more limited role in any future dispute." Louis Dreyfus Negoce S.A., 252 F.3d at 225. A broad arbitration clause gives rise to a presumption of arbitrability, which is overcome only if "it may be said with

positive assurance that the arbitration clause is not

susceptible of an interpretation that covers the asserted

dispute." <u>Oldroyd</u>, 134 F.3d at 76.

Section 5.05 of the MDO Agreement provides, in relevant

part:

> Any controversy or claim arising out of the MDO's
> employment or the termination thereof shall be
> resolved through final and binding arbitration in
> accordance with the National Rules for the
> Resolution of Employment Disputes or other
> applicable rules of the American Arbitration
> Association then in effect.  Such controversies
> and claims include, but are not limited to, those
> arising under this Agreement and those arising
> under federal, state, or local statute relating to
> employment and any tort, contract or common law
> claim.

(Wirth Decl., Ex. A at 2).

This provision, requiring the submission of any controversy

or claim arising out of Plaintiff's employment to arbitration,

is "precisely the kind of broad arbitration clause that

justifies a presumption of arbitrability." <u>Oldroyd</u>, 134 F.3d at

76. Therefore, Plaintiff's claims under FLSA and the NYLL are

presumptively within the scope of the arbitration agreement.

Moreover, Plaintiff admits that she and Defendants "agreed to

arbitrate individual claims." (Pl.'s Br. at 6.)

Plaintiff argues that her claims are outside the scope of

the arbitration agreement because she alleges claims on behalf

of a class of similarly-situated persons in addition to

individual claims arising out of her employment.  According to
Plaintiff, the Supreme Court's recent decision in Stolt-Nielsen
S.A. v. AnimalFeeds International Corp., 559 U.S. ___ , 130 S.Ct.
1758 (2010), therefore requires this Court to allow her lawsuit
to go forward despite the explicit waiver of the judicial forum
contained in the MDO Agreement, which prevents her from bringing
claims on her own behalf as an individual.  This argument relies
on a fundamental misreading of Stolt-Neilsen and cannot be
sustained.

In Stolt-Nielsen, the Supreme Court considered "whether
imposing class arbitration on parties whose arbitration clauses
are 'silent' on that issue is consistent with the Federal
Arbitration Act." Stolt-Nielsen, 130 S.Ct. at 1758.  The Court
held that absent an agreement to allow arbitration as a class,
class-action arbitration may not be imposed because the "changes
brought about by the shift from bilateral arbitration to class-
action arbitration" are "fundamental." Id. at 1776. Accordingly,
since "a party may not be compelled under the FAA to submit to
class arbitration unless there is a contractual basis for
concluding that the party agreed to do so," the Stolt-Nielsen
Court remanded for plaintiffs to pursue bilateral arbitration as
individuals. Id.; see Stolt-Nielsen SA v. AnimalFeeds Int'l
Corp., No. 06-3474, 2010 WL 3896523 (2d Cir. 1010)(on remand,
aff'g Stolt-Nielsen SA v. AnimalFeeds Int'l Corp., 435 F. Supp.

8

2d 382, 387 (S.D.N.Y. 2006)(remanding to arbitration panel for individual arbitration proceedings)).

Stolt-Nielsen does not stand for the proposition that Plaintiff can avoid arbitration by pleading her claims as a class representative, rather than as an individual — or even for the proposition that assent to class arbitration must be specifically stated in the arbitration agreement. To the contrary, Stolt-Nielsen simply holds that where parties have agreed to arbitration on an individual basis, but have not agreed to arbitration on a class basis, they are required to arbitrate as individuals rather than as a class. Stolt-Nielsen, 130 S.Ct. at 1762. Accordingly, Plaintiff's attempt to invoke the class-action device in litigation does not vitiate her clear contractual obligation to arbitrate her claims.

The Court does not reach whether arbitration of Plaintiff's claims may proceed on a class or collective basis, as that issue is procedural and appropriate for determination by the arbitrators. See Guida v. Home Savings of America, Inc., No. 11cv0009 (JFB)(ARL), 2011 WL 2550467 at *3-5 (E.D.N.Y. June 28, 2011) (reconciling Stolt-Neilsen, in which parties stipulated that there was no agreement to class arbitration, with Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444 (2003), in which the record did not establish whether parties had agreed to permit class arbitration, and concluding that the availability of

9

"arbitrating on a class basis is a procedural question that is for the arbitrators to decide" after the Court determines threshold questions of arbitrability); see also Jock v. Sterling Jewelers Inc., --- F.3d ----, 2011 WL 2609853 (2d Cir. July 1, 2011) (explaining that availability of class arbitration was question fairly before the arbitrator, and that district court erred by second-guessing arbitrator's determination of issue). The issue of whether Plaintiff may proceed as a class representative in arbitration or whether she must proceed as an individual, however, has no bearing on whether her claims are within the scope of the arbitration agreement.

The Court finds that all claims asserted in Plaintiff's complaint are within the scope of the MDO Agreement's arbitration clause, and that Plaintiff is therefore barred from bringing those claims in this Court, as a class representative or otherwise, absent a showing that Congress intended her claims to be nonarbitrable.

C. Whether Congress Intended FLSA Claims to be Nonarbitrable

"Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." Arciniaga v. General Motors Corp., 460 F.3d 231, 235 (2d Cir. 2006) (quoting Mitsubishi Motors Corp. v. Soler

10

Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 105 S.Ct. 3346, 87
L.Ed.2d 444 (1985)). To avoid arbitration, Plaintiff must show
that Congress intended to preclude resolution of FLSA claims in
arbitration. See Gilmer v. Interstate/Johnson Lane Corp., 500
U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (placing the
burden of establishing that Congress meant to preclude
arbitration of statutory claim on the party seeking to avoid
arbitration); Arciniaga v. General Motors Corp., 460 F.3d 231,
235 (2d Cir. 2006) (same, quoting Gilmer, 500 U.S. at 26).

It is well-established that the legislative histories of
FLSA and the NYLL do not show a legislative intent to preclude
arbitration of wage claims. See Rompalli v. Portnova, No. 09
Civ. 3083, 2010 WL 2034396, at *6 (S.D.N.Y. May 5, 2010)(finding
that Congress did not intend for FLSA claims to be
nonarbitrable); Reynolds v. de Silva, No. 09 Civ. 9218, 2010 WL
743510, at *5 (S.D.N.Y. Feb. 24, 2010) (holding that wage claims
brought under FLSA and the NYLL are arbitrable); Ciago v.
Ameriquest Mort. Co., 295 F. Supp. 2d 324, 332 (S.D.N.Y. 2003)
(same).

The Court concludes that there is no Congressional bar to
the arbitration of Plaintiff's claims.

D. Dismissal is Warranted

Here, all of Plaintiff's claims are subject to arbitration. Accordingly, dismissal of this action is appropriate. See, e.g. Ragone v. Atlantic Video, 595 F.3d 115 (2d Cir. 2010) (affirming dismissal of complaint where all claims alleged were subject to arbitration agreement).


E. Equitable Tolling

Plaintiff, in her opposition to the Motion to Dismiss, requests that this Court equitably toll the statutes of limitation on her FLSA and NYLL claims for the period during which the Motion to Dismiss was pending.

Once a court has determined that a dispute is subject to arbitration, the applicability of any defenses is solely within the jurisdiction of the arbitrators. Bechtel do Brazil Construções LTDA v. UEG Araucária LTDA, 638 F.3d 150 (2d Cir. March 22, 2011); see AT & T Techs., Inc. v. Comm's Workers of America, 475 U.S. 643, 649-50 (1986). Accordingly, the Court refrains from determining whether equitable tolling is available to defeat any statute of limitations defense Defendants may assert in arbitration.

12

III. Conclusion

For the reasons discussed above, this Court lacks jurisdiction over this dispute, and Defendants' Motion to Dismiss is therefore GRANTED without prejudice to Plaintiff pursuing her claims in binding arbitration.

Plaintiff's request for equitable tolling of her claims is DENIED without prejudice.

The Clerk is directed to close the docket in this case.


SO ORDERED.

Dated:    New York, New York

          August 19, 2011


                              _Deborah A. Batts_
                              DEBORAH A. BATTS
                         United States District Judge